UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARISSA J. KRYSZAK,

                              Plaintiff,                               **Hon. Hugh B. Scott**

                                                                      07CV202A

v.                                                   **AMENDED**
                                                                      **Order**

CHASE BANK USA, N.A.,

                                Defendant.

_____

      Before the Court is plaintiff's motion for a protective Order (Docket Nos. 19, 20[1]). Due to an error in filing the certificate of service, plaintiff refiled the motion (Docket No. 20); as a result, the earlier motion (Docket No. 19) was **terminated** (Docket No. 24).

      The Court then rendered an Order (Docket No. 24) on the remaining motion and held a conference with counsel (Docket Nos. 25, 26). The Court now **amends** that Order. Familiarity with the prior Order is presumed.

BACKGROUND

      This is a Truth in Lending Act action by plaintiff against defendant, credit card issuer Chase Bank USA, NA (Docket No. 1, Ex. C, Pet.). Plaintiff, proceeding pro se in state court and initially before this Court, sought to vacate an arbitration award in New York State Supreme

---

[1] In support of her motion, plaintiff submitted her attorney's affidavit, Docket No. 20, but did not file a reply. In opposition, defendant submitted its attorney's declaration with exhibits (copies of the discovery demands at issue), Docket No. 22, and memorandum of law, Docket No. 23.

Court, alleging that defendant violated the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq., by failing to make inquiries into alleged inaccuracies in her account (Docket No. 1, Ex. C, Pet. ¶¶ 1-18, Ex. B, Notice of Petition). She also alleged breach of contract (Docket No. 1, Ex. C, Pet. ¶¶ 19-32) and violation of rights (namely due process, right to trial by a jury, and impairment of contract) (id. ¶¶ 33-40).

Defendant removed the action to this Court (Docket No. 1) and filed an Answer with Counterclaim (Docket No. 2). The counterclaim sought confirmation of the arbitration award obtained under the terms of plaintiff's credit card membership agreement with defendant (Docket No. 2, Ans. ¶¶ 54-92). Defendant states that plaintiff sent various letters that defendant argues were not legitimate billing error inquiries under the Truth in Lending Act (id. ¶¶ 83-85).

This case was then referred to the undersigned on April 6, 2007 (Docket No. 3), and referred to the Court's pilot Alternative Dispute Resolution ("ADR") program. During the Scheduling Conference held on September 27, 2007, the parties noted potential discovery disputes (Docket No. 11). The Court issued a Scheduling Order (Docket No. 12), and defendant served its discovery requests on that same day (Docket No. 22, Def. Atty. Decl. Exs. E, F, G; see Docket No. 20, Pl. Atty. Aff. ¶ 2). Discovery was to conclude by March 27, 2008, with dispositive motions due by June 27, 2008 (Docket No. 12).

According to defendant, counsel represented plaintiff in October 2007 (see Docket No. 23, Def. Memo. at 4). This Court held a status conference in this case on December 5, 2007 (Docket No. 15). At that conference, counsel appeared for plaintiff (Docket No. 15) and later filed a formal notice of appearance (Docket No. 17), and the parties stated that plaintiff was refusing to respond to defendant's discovery requests regarding information provided by a third

2

party and indicated that resolution of this discovery dispute informally would move the case toward eventual settlement. As a result, plaintiff was given until December 18, 2007, to move for a protective Order against the disputed discovery sought by defendant and the Court was to brief such a motion, address it, and then enter an Amended Scheduling Order. (Docket No. 15.) Plaintiff, however, had not moved until filing the present motion (on February 12, 2008).

*Plaintiff's Motion for Protective Order*

Plaintiff's motion, which did not include copies of the offending discovery demands, listed various requests for production[2], requests for admissions[3], and Interrogatories[4] to which plaintiff refused to respond (Docket No. 20). The scheduling Order for this motion required plaintiff to file copies of the discovery demands and to send a courtesy copy to Chambers (Docket No. 21), which plaintiff never did. The disputed requests deal with a third party, Debt Relief Services Company (hereinafter referred to as "DRSC") (Docket No. 20, Pl. Atty. Aff. ¶ 2). She claims that this disclosure would be unduly annoying and embarrassing, and cause her to reveal information not germane to this action (id. ¶ 3), and she claims that the material is "work product of Plaintiff's pro se litigation of herself" that should be afforded attorney work product privilege (id. ¶ 4). She claims that these requests are "an unreasonable and blatant attempt on [defendant's] part to embarrass Plaintiff by exposing her debt to other creditors and an attempt at causing her great annoyance" further claiming that the materials (if they exist) were subject to a

---

[2] Requests number 4, 6, 7, 8, 14, 15, and 16; see Docket No. 22, Def. Atty. Decl. Ex. G.

[3] Requests number 6, 7, 10, 11, 12, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, and 26; see Docket No. 22, Def. Atty. Decl. Ex. E.

[4] Interrogatories number 1, 2, 4, 5, 6, 7, 10, 14, and 16; see Docket No. 22, Def. Atty. Decl. Ex. F.

3

confidentiality agreement, the breach of which would place plaintiff in jeopardy (id. ¶ 5). Plaintiff, however, did not include with her moving papers a copy of any confidentiality agreement. Plaintiff argues that the scope of her claim is limited and thus discovery should be similarly restricted (id. ¶ 6).

*Defendant's Response*

Defendant responds that plaintiff has not produced <u>any</u> documents and failed to object to defendant's discovery demands. Her objections were "inapplicable, without merit, and belated." (Docket No. 23, Def. Memo. at 1.) Defendant requests that plaintiff's motion be rejected and stricken and plaintiff be ordered to respond to apparently all of defendant's discovery demands (even beyond those challenged by plaintiff's motion) and that plaintiff be sanctioned by a conditional order of preclusion if she further fails to respond (id.). Defendant also seeks an order to compel plaintiff to attend her deposition and to answer all questions posed there (id. at 1, 12), although defendant expressly states that it has not cross moved to compel (see id. at 1, submitted its papers "in lieu of a cross-motion to compel"). Defendant argues that it is entitled to conduct discovery regarding the merits of plaintiff's claims as well as its counterclaim (id. at 3).

Defendant notes that plaintiff used a debt elimination scheme generated by Debt Relief Services Company (or known as North American Educational Services) to eliminate debts by frustrating creditors with frivolously claimed billing errors and ultimately commencing <u>pro se</u> litigation against the creditors (id. at 2 & n.1, citing, as an example, another <u>pro se</u> action pending in this Court, <u>Lysakawa v. Chase Bank USA</u>, No. 07CV89A(Sc); <u>see also</u> <u>id.</u> at 10 & n.3, 11 n.4 (citing other example cases)). Defendant also notes that plaintiff had not objected to the

4

discovery demands to which she has yet to respond and that are not the subject of her motion for a protective Order (id. at 5).

Defendant argues that its now challenged discovery demands sought information about plaintiff's communications with third party debt relief services companies and "are directly related to plaintiff's billing-error and statutory violation claims" (id. at 5).

Defendant seeks not only rejection of plaintiff's objections to the stated demands in her motion but also an Order compelling her response to all of the outstanding discovery. It seeks to amend the Case Management Order consistent with the delayed status of this action (id. at 12).

*Initial Order*

The Court entered an Order on March 18, 2008 (Docket No. 24). There, this Court granted in part and denied in part plaintiff's motion for a protective Order, but that Order did not treat defendant's response as a cross-motion to compel (Docket No. 24, Order at 11-13, 14; cf. Docket No. 23, Def. Memo. at 1). The Order rejected plaintiff's arguments asserting work product privilege as a pro se party (Docket No. 24, Order at 8-9) and her alleged confidentiality agreement with a third party (id. at 10). The Order tested the relevance of defendant's requests by discovery device invoked (id. at 7-8, 10-11). The Order protected from disclosure requests involving plaintiff's accounts with other lenders aside from defendant but held that the document request for communications between plaintiff and Debt Relief Services Company (request number 8) should be produced (id. at 10). The Order also dealt with requests for admissions and Interrogatories posed to plaintiff (id. at 10-11) and denied without prejudice defendant's request to amend the Scheduling Order (id. at 13). Finally, the Order apportioned motion expenses and called for plaintiff to file an affidavit of her costs (id. at 13-14).

*Status Conference of March 20, 2008*

The Court then held a status conference with counsel on March 20, 2008 (Docket No. 26), and (at the parties' request), the Court reconsiders the prior Order. Upon further consideration of the motion and moving papers, the Court **amends** its previous Order on plaintiff's motion for a protective Order (Docket No. 24).

DISCUSSION

I.   Standard

    A.   Motion for a Protective Order

Federal Rule of Civil Procedure 26(b)(2)(C)(i) allows this Court to limit the scope and means for discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Under Rule 26(c), this Court may issue a protective Order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense" by not having a proposed disclosure or discovery device, or conditioning the time and manner of that discovery. Fed. R. Civ. P. 26(c)(1), 26(c)(1)(A)-(D) (effective Dec. 1, 2007). That motion must be accompanied by a certification that the movant has in good faith attempted to confer, id. R. 26(c)(1). Under Rule 26(c), the Court has power to protect against abuses in discovery. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984). The appropriateness of a protective Order is a balance of the litigation needs of the requesting party and the protectable interests of the party from whom discovery is sought. Mitchell v. Fishbein, 227 F.R.D. 239, 245 (S.D.N.Y. 2005). This Court has broad discretion in issuing such a protective Order. Seattle Times, supra, 467 U.S. at 36.

The burden is on the party seeking the protective Order to show the existence of some plainly adequate reason therefor, 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2035, at 484 (Civil 2d ed. 1994), to show good cause for the protective Order, id. at 483-84. Courts have required particular and specific demonstration of fact, not conclusory statements, to establish good cause, id. at 484; Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 (1981).

If the motion for a protective Order is denied in whole or in part, the Court may "on just terms, order that any party or person provide or permit discovery," Fed. R. Civ. P. 26(c)(2). Under Rules 26(c)(3) and 37(a)(5) (effective Dec. 1, 2007), the Court has the discretion to impose the costs of the motion for a protective Order to the prevailing party, 8 Federal Practice and Procedure, supra, § 2035, at 487. If plaintiff prevails in part on her motion, the Court may apportion the reasonable costs associated with this motion (including attorney's fees), see Fed. R. Civ. P. 37(a)(5)(C).

  B. Motion to Compel

Defendant filed its response (Docket Nos. 22, 23), relying upon it rather than a formal cross-motion to compel. The Court now views this as a motion to compel (see Docket No. 26).

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A). Similarly, under Rule 26(c), prior to obtaining a protective order the movants must certify that they have in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute

without court intervention, Fed. R. Civ. P. 26(c). As with a protective Order under Rule 26(c), where the Court grants an Order to compel under Rule 37 at least in part, the Court "may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion," Fed. R. Civ. P. 37(a)(5)(C) (effective Dec. 1, 2007).

II.     Plaintiff's Motion for a Protective Order

Plaintiff has not certified her attempts to confer on this issue. Also, plaintiff was ordered to file the offending discovery demands (Docket No. 21) but did not. Furthermore, this motion was expected back in December following the status conference on these issues (see Docket No. 15, minutes of Dec. 5, 2007, conference, calling for motion by Dec. 18, 2007); see also Bumpers v. International Mill Serv., 40 Fed. R. Serv. 2d 1334, 1984 U.S. Dist. LEXIS 24901, at *3 (E.D. Pa. Dec. 21, 1984) (Naythons, Mag.) (failure to object to discovery request in timely fashion may constitute waiver of objection, but court has discretion not to compel discovery which is patently improper). Ordinarily, any one of these grounds would be fatal to her motion since she has the burden of showing some adequate reason for it beyond the boilerplate recital of the Rule 26(c)(1) standard, cf. Fed. R. Civ. P. 26(c)(1). At the December 5, 2007, conference, however, the parties outlined the issues arising from the present motion (Docket No. 15), and thus, the Court is familiar with the issues and the parties' efforts to resolve them (as well as defendant's efforts at production from plaintiff) short of motion practice. Furthermore, the Court has reviewed the claimed objectionable defense discovery requests, as produced by defendant. Below, the Court considers each discovery request by discovery method.

A.      Challenged Discovery Methods–Document Requests

Defendant's document requests seek documents for DSRCs, from plaintiff to DSRCs, and billing errors claimed against any other credit card companies aside from defendant (Docket No. 22, Def. Atty. Decl. Ex. G; Docket No. 23, Def. Memo. at 11-12). Most of these requests are overbroad relative to the claims in this case and are **protected from disclosure**. One request, however, Number 8 "All Documents reflecting, documenting, or relating to communications between you and each person, entity, or Debt Relief Services Company relating to your Credit Card Account or Cardholder Agreement" (Docket No. 22, Def. Atty. Decl. Ex. G, No. 8) is relevant since it deals with (as defined in the request itself) the defendant's credit card account with plaintiff underlying this case and thus **should be produced**.

B.      Requests for Admissions

Requests for admissions must comply with Rule 26(b)(1) and lead to admissible evidence and assist the parties and the Court in narrowing the issues in the case, see Brodeur, supra, 2005 U.S. Dist. LEXIS 14939, at *6. The admissions sought here are about three letters (billing error correspondence ostensibly from plaintiff to defendant, dated Jan. 10, 2006, Mar. 11, 2006, and Apr. 13, 2006, Docket No. 22, Def. Atty. Decl. Ex. E, internal Exs. A-C) and sought to confirm whether they originated from third parties or DRSCs. It is not clear how these admissions advance this case in narrowing the factual issues for eventual disposition. If admitted, these admissions point to plaintiff using third party resources to challenge her billing with defendant, essentially that others had drafted her correspondence to defendant. Such admissions are only useful within this action and cannot be used in any other action (such as

9

against the third party entities that may have assisted plaintiff). Therefore, plaintiff need not respond to these requests.

At the March 20, 2008, status conference, defendant indicated that it would rely upon its deposition of plaintiff. Therefore, plaintiff's motion on this method of discovery is deemed **moot**.

      C.      Interrogatories

Finally, the Interrogatories ask common questions that are posed in almost all litigation, such as who is providing the information in preparing the answers to the Interrogatories and asserting the basis for any claimed privilege (Docket No. 22, Def. Atty. Decl. Ex. F, Interrog. Nos. 1, 2, 16), these should be responded to. Also, questions about plaintiff's account with defendant (id. Nos. 4, 6) are relevant and should be answered. The other objectionable Interrogatories either are overbroad, touching upon all of plaintiff's credit arrangements (see id. Nos. 10, 14), or involve plaintiff's dealings with DRSCs (see id. Nos. 5, 7), despite defendant's argument that plaintiff's actions in other cases or with other credit card issuers (in using boilerplate language) is material to her alleged use of it with defendant and in this case (Docket No. 23, Def. Memo. at 11). These Interrogatories need not be answered.

At the March 20, 2008, status conference, defendant indicated that it would rely upon its deposition of plaintiff. Therefore, plaintiff's motion on this method of discovery is deemed **moot**.

III.     Defendant's Request for An Order Compelling Discovery

Defendant responds to this motion seeking not only denial of plaintiff's motion for a protective Order against the subset of requests she objected to, but an Order compelling plaintiff

10

to respond to all of defendant's discovery and to appear and answer at her deposition. Defendant also reserved the right to file a motion to compel (Docket No. 23, Def. Memo. at 3). Defendant noticed the deposition of plaintiff for May 22, 2007 (Docket No. 22, Def. Atty. Decl. Ex. D), and apparently that deposition has yet to occur. When plaintiff moved for a protective order, she did not oppose responding at all to defendant's demands although it appears she has not responded to any of defendant's requests.

Given plaintiff's failure to respond even to the inoffensive and relevant requests, defendant's request in its response is now deemed a **cross-motion to compel** and that motion is **granted**. Plaintiff shall forthwith respond to defendant's demands. From the March 20, 2008, conference, the parties indicated that defendant currently needs plaintiff to respond to the document demands and testify at her deposition. This discovery shall go forward, as conditioned by this Order and so much of the prior Order (Docket No. 24) not affected by this Order.

IV.     Amended the Scheduling Order

Defendant also seeks an extension of the Case Management Order "consistent with the current status of the case" (Docket No. 23, Def. Memo. at 12). Initially, defendant did not state the amount of time necessary to complete discovery in this case and the request was denied without prejudice. At the March 20, 2008, conference, the parties indicated that they needed 60 to 90 days to complete the limited discovery that remains (Docket No. 26).

Upon further consideration and good cause having been shown, defendant's request is **granted**, a 90-day extension of the existing schedule shall be entered. The previous Scheduling Order (Docket No. 12) is hereby modified as follows (unless otherwise changed below, the remaining dates in the previous Scheduling Order continue in effect): All discovery in this case

11

shall conclude on **May 27, 2008**. All motions to compel shall be due at least **30 days prior** to that discovery cutoff date, or by **Monday, April 28, 2008**; the parties shall identify any expert witnesses through interrogatories pursuant to Fed. R. Civ. P. 26(b)(4) as follows: (1) plaintiff shall identify any expert witnesses by **April 11, 2008**; (2) defendant shall identify any expert witnesses by **May 23, 2008**. Dispositive motions are due by **September 25, 2008**. This case was referred to ADR and mediation thereunder shall be completed by **July 17, 2008**. No further extension of the above cutoff dates will be granted except upon written application, filed prior to the cutoff date, showing good cause for the extension. Moreover, if counsel are of the belief that an intermediate conference with Chief Judge Arcara or Magistrate Judge Scott would be of assistance in the prompt disposition of the case, such a conference will be scheduled upon application of any party. A final pretrial conference pursuant to Fed. R. Civ. P. 16(d) and Local Rule 16.1(j) will be scheduled by Chief Judge Arcara. As previously noted in the Scheduling Order (Docket No. 12), counsel's attention is directed to Fed. R. Civ. P. 16(f) calling for sanctions in the event of failure to comply with any direction of this Court.

V.     Expenses for this Motion

Under Rules 26(c)(3) and 37(a)(5) (effective Dec. 1, 2007), the Court has the discretion to impose the costs of the motion for a protective Order to the prevailing party, 8 Federal Practice and Procedure, supra, § 2035, at 487. The Court may apportion the reasonable costs associated with this motion (including attorney's fees), see Fed. R. Civ. P. 37(a)(5)(C). Since both sides prevail in part (and lost in part), the Court finds that **no costs will be assessed for this motion and defendant's response (now deemed a cross-motion)**.

CONCLUSION

For the reasons stated above, the earlier Order (Docket No. 24) on plaintiff's motion (Docket No. 20) is **amended** and, where it is inconsistent with this Order, it is **rescinded**. Plaintiff's motion (Docket No. 20) is **granted in part, denied in part, or deemed moot,** as outlined above; plaintiff need not respond to the particular discovery requests as identified above, while responding to the remaining objected to requests. Defendant's request for an Order compelling production and answers to other defense discovery requests (including answers to discovery not otherwise objected to and deposition of plaintiff) (see Docket No. 23) **is deemed a cross-motion and is granted**.

The Court determines that **no motion costs** will be attributed to any party as a discovery sanction.

Defendant's request (Docket No. 23, Def. Memo. at 12) for extension of the Scheduling Order (Docket No. 12) is **granted**. All discovery in this case shall conclude on **May 27, 2008**. All motions to compel shall be due at least **30 days prior** to that discovery cutoff date, or by **Monday, April 28, 2008**; the parties shall identify any expert witnesses through interrogatories pursuant to Fed.R.Civ.P. 26(b)(4) as follows: (1) plaintiff shall identify any expert witnesses by **April 11, 2008**; (2) defendant shall identify any expert witnesses by **May 23, 2008**. Dispositive motions are due by **September 25, 2008**. Mediation under the Court's ADR program shall be completed by **July 17, 2008**. No further extension of the above cutoff dates will be granted except upon written application, filed prior to the cutoff date, showing good cause for the extension. A final pretrial conference pursuant to Fed. R. Civ. P. 16(d) and Local Rule 16.1(j) will be scheduled by Chief Judge Arcara.

13

Plaintiff's earlier motion (Docket No. 19) remains **terminated**.

So Ordered.

*/s/ Hugh B. Scott*

Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
March 26, 2008